**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**JARED LEE,** *Individually, on behalf*
*of himself and others similarly situated*

Plaintiff,

      **v.**

**NEXT SOLUTIONS, LLC** and **ALLAN**
**GOODSON,** Individually and **MORGAN**
**MCCHESNEY,** Individually

**Defendants.**

Case No.   <u>5:25CV-3-BJB</u>

**FLSA 216(b) Action**
**RULE 23 Class Action**
**JURY DEMANDED**

---

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**
**(Filed Electronically)**

---

Jared Lee ("Plaintiff"), individually and on behalf of himself and other similarly situated

current and former drop bury technicians, brings this Fair Labor Standards Act ("FLSA") multi-

plaintiff action against Next Solutions, LLC, and Allan Goodson individually, and Morgan

McChesney, individually ("Defendants) and alleges as follows:

## I.    <u>NATURE OF SUIT</u>

1.    The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to

correct conditions that were detrimental to the health and well-being of workers. To

achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours

that an employer may employ any of his employees subject to the Act unless the

employee receives compensation for his employment in excess of 40 hours at a rate not

less than one and one-half times the regular rate at which he is employed." *Walling v.*

*Helmerich & Payne,* 323 U.S. 37, 40 (1944)  (discussing the requirements of 29 U.S.C. § 207 (a)).

2.    This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiff and other similarly situated drop bury technicians who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendants during all times material.

3.    This lawsuit is also brought as a Fed. R. P. 23 class action, alleging unjust enrichment, quantum meruit, and conversion under Kentucky common law and under Kentucky Revised Statutes § 337.065 to recover wages deducted from the earned pay of Plaintiff and other Rule 23 class members to satisfy Defendants' "back-charges" assessed against Plaintiff and other Rule 23 class members for the cost of mistakes related to the burying of cable for Internet and TV end users.

## II.    JURISDICTION AND VENUE

4.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and are brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

5.    This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to claims of this action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because

Plaintiff performed work for Defendants in this district during all times material herein.

Moreover, Defendants have conducted business in this district during all times material.

### III.    PARTIES

7.     Plaintiff Jared Lee is an adult citizen of the United States and was employed as a drop

bury technician by Defendants during all times relevant to this action. Plaintiff Lee's

"Consent to Join" is attached as *Exhibit A*.

8.     Defendant, Next Solutions, LLC, is a Tennessee limited liability company whose

principal address is 546 Brandies Circle (Suite 101), Murfreesboro, Tennessee 37128-

7739.  Defendant's registered agent for service of process is Allan Goodson, 824

Woodburn Drive, Brentwood, Tennessee 37027-8748.

9.     Defendant Allan Goodson is the Co-founder and CEO of Defendant Next Solutions.

LLC, and may be served with process at 824 Woodburn Drive, Brentwood, Tennessee

37027-8748.

10.     Defendant Morgan McChesney is the Co-founder and President of Defendant Next

Solutions. LLC, and may be served with process at 546 Brandies Circle (Suite 101),

Murfreesboro, Tennessee 37128-7739.

11.     Defendants Goodson and McChesney have been responsible for implementing and

administering the company's pay policies and practices - including unlawful deductions

from the earned wages of Plaintiff and those similarly situated - during all times material

to this action.

12.     As such, they are jointly liable to Plaintiff and those similarly situated for all FLSA

violations addressed herein.

## IV.    COVERAGE

13.    Defendants have been the "employer" of Plaintiff and those similarly situated within the

meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

14.    During all time material, Defendants have earned more than $500,000.00 per year in

gross sales.

15.    Defendants have employed two or more employees who handled goods, materials, and

supplies that traveled in interstate commerce during all times material.

16.    In addition, Plaintiff and those similarly situated have engaged in interstate commerce

on behalf of Defendants during all times material.

17.    Therefore, Defendants are an enterprise covered by the FLSA, as defined by 29 U.S.C.

§203(r) and 203(s).

## V.    FACTUAL ALLEGATIONS

18.    Defendants provide cable installation and related services to Internet and Television end

users in Kentucky, Tennessee, Mississippi, Alabama, Georgia, South Carolina, North

Carolina, Florida, Ohio, Indiana, Michigan, and Maryland.

19.    Plaintiff and other similarly situated drop bury technicians were classified as

independent contractors and exempt from receiving overtime compensation under the

FLSA.

20.    However, Plaintiff and those similarly situated do not/did not qualify as independent

contractors and are not exempt from receiving overtime compensation under the FLSA

during all times material to this action.

21.    More specifically, Plaintiff and those similarly situated were employees under the FLSA

as a matter of economic reality rather than independent contractors during all times

material to this action for the following reasons, among others:

(a)    Plaintiff and those similarly situated economically depended on their work for

Defendants.

(b)    Defendants dictated the details of the performance of the work activities of

Plaintiff and those similarly situated.

(c)    Defendants controlled the manner and methods by which Plaintiff and those

similarly situated performed their work.

(d)    Defendants provided supervisors who oversaw and approved the work

performed by Plaintiff and those similarly situated.

(e)    Defendants provided the cable, machinery, tools, and equipment used in the

work duties of Plaintiff and those similarly situated.

(f)    Defendants provided company-owned trailers to Plaintiff and others similarly

situated on which company-provided cable, machinery, tools, and equipment

were placed and hauled to and from the assigned job sites of Plaintiff and those

similarly situated.

(g)    Plaintiff and those similarly situated received daily work orders from Defendants

and were required to comply with such orders.

(h)    Plaintiff and those similarly situated were required to follow the sequences of

work orders and could not deviate from such sequences.

(i)    Plaintiff and those similarly situated were subject to disciplinary action if they

refused or failed to follow and comply with the daily work orders assigned to

them.

(j)     The work performed by Plaintiff and those similarly situated was integral to Defendants' cable installation services.

(k)     The duties of Plaintiff and those similarly situated did not involve any work of a managerial nature.

(l)     The work duties of Plaintiff and those similarly situated were manual, not unlike those of other drop bury technicians employed by Defendants as employees under the FLSA rather than as independent contractors.

(m)     Plaintiff and those similarly situated did not make any significant relative investments in relation to their work with Defendants.

(n)     Plaintiff and those similarly situated had no opportunity to experience a profit related to their employment. (Rather, Plaintiff and those similarly situated suffered lost wages due to Defendants' unlawful deductions from their earned wages to pay for the costs of mistakes in the burying of cable for Internet and TV end users.

(o)     Plaintiff and those similarly situated could not be customarily engaged in an independently established trade, occupation, profession, or business due to the number of hours worked for Defendants on a weekly basis.

(p)     Plaintiff and those similarly situated had no authority to refuse or negotiate Defendants' rules and policies. (They were required to comply with such rules and policies or risk discipline or termination.)

22.     Thus, Plaintiff and those similarly situated did not qualify as independent contractors and were not exempt from the minimum wage and overtime compensation requirements under the FLSA.

23. Plaintiffs and those similarly situated were not paid the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods during all times material to this action.

24. Instead, Plaintiff and those similarly situated were paid based on the footage of cable they buried on behalf of Defendants - pursuant to the work orders Defendants provided them.

25. Defendants Allan Goodson and Morgan McChesney, in their respective roles as CEO and President of Defendant, Next Solutions, LLC, established and administered the pay policies of the company during all times material and, therefore, are equally liable for Defendants' wage violations, as addressed herein.

26. Plaintiff and those similarly situated routinely performed work for Defendants in excess of 40 hours per week within weekly pay periods during all times material to this Complaint.

27. However, Plaintiff and those similarly situated did not receive the applicable one and one-half times their hourly rates of pay for hours worked over 40 per week within weekly pay periods during all times material.

28. Defendant has had a common plan, policy, and practice of failing to pay Plaintiff and those similarly situated for all their compensable work at the applicable FLSA minimum wage and overtime compensation rates of pay from the beginning of their first principal work activity each work day to the ending of their last principal work activity each work day, as addressed below.

29. Specifically, Plaintiff and those similarly situated drove their personal vehicles to and from their assigned job sites with a company-owned trailer hitched behind them - during all times material herein.

30.   Each company-owned trailer contained company-supplied cable, drop-bury machines, tools, and equipment. These supplies were hauled from their respective homes to their first assigned job site at the beginning of each work day and then from their last job site back to their homes at the end of each work day.

31.   The first principal work activities of Plaintiff and those similarly situated for each work day began with them safely hitching the respective company-owned trailer behind their personal vehicles and ensuring the company-supplied cable, machinery, tools, and equipment were stored safely and securely on each such trailer, that the trailer was safely hitched behind their vehicles and nothing was taken or stolen from such trailers during the evening hours. (The company-owned trailers routinely were detached from their personal vehicles after they arrived at their homes each evening from their assigned work duties so they could be used in their personal and family activities.)

32.   The last principal work activities of Plaintiff and those similarly situated for each work day ended with them inspecting and inventorying the company-supplied cable, machinery, tools, and equipment on their assigned company-owned trailer hitched behind their respective vehicles after they arrived back to their homes at the end of their work day and ensuring all cable, machinery, equipment, and tools were safely secured and stored on such trailers, and then unhitching the respective company-owned trailer from behind their personal vehicles so they could then use their vehicles for their personal and family activities. (The company-owned trailers routinely were unhitched from their personal vehicles after they arrived at their homes each evening from their assigned work duties so they could be used in their personal and family activities, as mentioned before.)

33.    The time between the aforementioned first and last principal work activities of Plaintiff and those similarly situated each work day constituted compensable work hours for which they were due the applicable FLSA minimum wage and overtime compensation rates of pay for such hours during all times material to this action.

34.    In addition to Defendants' unlawful common policy and practice of misclassifying Plaintiff and those similarly situated as independent contractors and failing to pay them the applicable FLSA minimum wage and overtime compensation rates of pay for all hours performed within weekly pay periods during all times material, Defendants had a common policy and practice of "back-charging" Plaintiff and those similarly situated for the cost of mistakes related to the burying of cable on behalf of Defendants.

35.    Such mistakes were not attributable to any willful or intentional disregard of Defendants' interest on the part of Plaintiff and those similarly situated.

36.    Defendants had a common and unlawful policy and practice of deducting the earned pay of Plaintiff and those similarly situated for the cost of such mistakes in subsequent weekly pay periods until such "back-charges" were paid in full.

37.    Defendants knew and were aware, at all relevant times, that they were not compensating Plaintiff and those similarly situated for all their work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this action.

38.    Defendants willfully and, with reckless disregard to established FLSA overtime provisions, failed to pay Plaintiff and those similarly situated the applicable minimum wage and overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

39.    Defendants do not/did not have a good faith basis for their violations of the FLSA.

40.    Defendants failed to keep timely and accurate pay records of Plaintiff and those similarly situated.

41.    The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

42.    As a result of Defendants' willful failure to pay Plaintiff and those similarly situated in compliance with the minimum wage and overtime compensation requirements of the FLSA, they have suffered lost compensable wages as well as having suffered other damages.

43.    Defendants' scheme of failing to compensate Plaintiff and similarly situated employees for all their compensable minimum wage and overtime compensation was to save payroll costs and payroll taxes, all for which they have unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and potential plaintiffs.

## VI. RULE 23 CLASS ACTION ALLEGATIONS

44.    Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of himself and other Rule 23 class members to recover unlawful "back-charges" for the costs of mistakes related to the burying of cable that Defendants assessed against Plaintiff and other Rule 23 class members that, in turn, were deducted from their wages in subsequent weeks during all times material to this action.

45.    Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of himself and the following Rule 23 class members:

> All drop bury technicians who were misclassified as independent
> contractors and who worked for Defendants in the State of Kentucky
> during the applicable statute of limitation periods preceding the filing

of this Original Complaint were not paid all wages and compensation owed them by Defendants. (The "Rule 23 class").

46.   Defendants "back-charged" Plaintiff and those similarly situated for the cost of mistakes related to the burying of cable on behalf of Defendants by deducting such "back-charges" from their earned wages in subsequent weekly pay periods, as previously described.

47.   By deducting the earned pay of Plaintiff and other Rule 23 class members in subsequent weeks to satisfy (offset) such "back-charges," Defendants violated Kentucky Revised Statutes § 337.065.

48.   Moreover, Defendants unjustly enriched themselves by deducting the earned pay of Plaintiff and other Rule 23 class members to satisfy such "back-charges."

49.   Defendants also received value for the work of Plaintiff and other Rule 23 class members without compensating them for such work services (consistent with such value) in violation of Kentucky's common law of quantum meruit.

50.   In addition, Defendants unlawfully converted the wages of Plaintiffs and other Rule 23 class members to themselves as an offset against such "back-charges."

51.   The precise number of Rule 23 class members is not known at this time. However, the exact number can easily be ascertained by examining the Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

52.   Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members.  These common questions of law or fact are:

(a)   Whether Defendants unlawfully converted wages of Plaintiff and other Rule 23 class members to themselves to satisfy the unlawful "back-charges" they made against Plaintiff and other Rule 23 class members, as previously described?

(b)     Whether Defendants unjustly enriched themselves by deducting wages of Plaintiff and other Rule 23 class members to satisfy the unlawful "back-charges" they made against Plaintiff and other Rule 23 class members, as previously described?

(c)     Whether Defendants received valuable services in the form of the work Plaintiff and other Rule 23 class members provided them without compensating Plaintiff and other Rule 23 class members for the value of such services.

(d)     Whether Defendants violated Kentucky Revised Statutes § 337.065. by deducting the wages of Plaintiff and other Rule 23 class members to satisfy the unlawful "back-charges" they made against Plaintiff and other Rule 23 class members.

(e)     The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiff and the Rule 23 class members for such injury.

53.     Relative to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

54.     Plaintiff's claims and those of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein, and the claims are based on the same legal theories.

55.     The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

56.     Plaintiff is an adequate class representative.

57.     The plaintiff's unpaid wage claims are typical of those claims that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief sought by each putative Rule 23 class member in separate actions.

58.     Plaintiff and Rule 23 class members are/were subject to the same unlawful practices of Defendants in their failure to pay them all their earned wages.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

60.     Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

61.     Adjudicating individual litigation claims would require significant expenditures of Court and public resources. However, treating the claims as a class action would result in significant savings.

62.     Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are minor compared to the expense and burden of individual prosecution of this litigation.

63.     As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

64.     Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity, allowing for the vindication of their rights while eliminating or reducing those risks.)

65.     Plaintiff has engaged the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue the unpaid wage claims of himself and other Rule 23 members. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state laws.)

66.     The law firm has represented numerous other employees asserting unpaid wages.

67.     The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by Plaintiff and other members of this Rule 23 class action are relatively small in comparison to the fees, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to seek address for the wrongs done to them individually.

68.     While the exact number of Rule 23 class members is unknown at this time, it can be obtained via discovery. The Plaintiff believes there are sufficient such individuals to satisfy the numerosity requirements of this Rule 23 class action.

69.     Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

## VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

70.     Plaintiff brings this action on behalf of himself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

71.     Plaintiff seeks to send notice to the following similarly situated current and former employees of Defendants:

> All drop bury technicians who were misclassified as independent contractors and who performed work for Defendants anywhere in the

United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e., two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

72.   The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

73.   The claims of the Plaintiff are typical of the claims of potential plaintiffs in this action.

74.   Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's unlawful common policy and practice of misclassifying them as independent contractors and failing to pay them for all their compensable hours of work at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

75.   Plaintiff and potential plaintiffs to this action are also similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

76.   Plaintiff will fairly and adequately protect the interests of potential plaintiffs in this action as his interests align with those of such potential plaintiffs.

77.   Plaintiff has no interests adverse to the interest of potential plaintiffs in this action.

78.   Plaintiff has retained competent counsel experienced in multi-plaintiff action litigation.

79.   The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to seek redress for the wrongs done to them individually.

80.   Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS

81.   Plaintiff incorporates all preceding paragraphs as fully as if written herein by reference.

82.   Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation due to Defendants' unlawful practices, as previously described.

83.   Defendants' failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

84.   During the relevant statutory time period herein, Defendants' common practice of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

85.   Defendants had actual knowledge of failing to pay Plaintiff and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

86.   Defendants' conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

87.   Defendants' violations were without a good faith basis.

88.   Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover

compensation from Defendants: unpaid minimum wages and overtime compensation as required by the FLSA and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

89.     Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

90.     Plaintiff asserts an unjust enrichment claim under Kentucky common law that he and each member of the Rule 23 class had their earned wages deducted from their pay to satisfy unlawful "back-charges" against them for the cost of mistakes related to cable buried on behalf of Defendants during all times material, as previously described.

91.     Defendants unjustly enriched themselves by the amount of the wages deducted from the earned pay of Plaintiff and Rule 23 class members to satisfy unlawful "back-charges" assessed against them for the cost of mistakes made by Defendant and others, as previously described.

92.     Defendants' deductions from the earnings of Plaintiff and those similarly situated made it inequitable without paying Plaintiff and Rule 23 class members for earnings Defendants deducted from their pay.

## COUNT III
## RULE 23 CLASS ACTION – QUANTUM MERUIT

93.     Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

94.     Plaintiff asserts a quantum meruit claim under Kentucky common law that he and each member of the Rule 23 class provided valuable services to Defendants by performing work in weekly periods, as previously described.

95.     Defendants accepted the work of Plaintiff and Rule 23 class members and had reasonable notice that they expected to be paid for their work during all times material herein.

96.     However, Plaintiff and the Rule 23 class members were not paid for their work.

97.     The reasonable value of such work provided to Defendants by Plaintiff and Rule 23 members is consistent with the weekly pay they received in weeks in which they were paid for their work because Defendant benefitted to such degree or more from the work they provided.

## COUNT IV
## RULE 23 CLASS ACTION – UNLAWFUL CONVERSION

98.     Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

99.     Plaintiff asserts a Kentucky common law conversion claim that by deducting earned pay from Plaintiff and Rule 23 class members to satisfy the unlawful "back-charges" assessed against them, as previously described, Defendants unlawfully converted such earned pay to themselves.

100.    Plaintiff and Rule 23 class members had the exclusive rights to their earned pay as a protected property.

101.    Defendants had no property rights whatsoever to such earned pay of Plaintiff and other Rule 23 class members.

102.    Nonetheless, Defendants wrongfully took such earned pay from Plaintiff and other Rule 23 class members without their approval or authorization and intentionally exercised dominion over such pay.

103.    Defendants' conversion of such earned pay is inconsistent with such property rights of Plaintiff and other Rule 23 class members.

104.    Defendants' aforementioned deductions (conversions) of the earned pay of Plaintiff and other Rule 23 class members are the legal cause of their loss of earned pay property.

## COUNT V
## RULE 23 CLASS ACTION –
## VIOLATION OF KY. REV. STAT.  § 337.065

105.   Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

106.   Plaintiff asserts a claim under Kentucky Revised Statutes § 337.065 for the earned wages Defendants deducted from the pay of Plaintiff and other Rule 23 class members to satisfy the "back charges Defendants assessed against Plaintiff and other Rule 23 class members for the cost of mistakes related to the cable they buried on behalf of Defendants, as previously described

107.   The pertinent portion of Kentucky Revised Statutes § 337.065 reads as follows:

"(2) Notwithstanding the provisions of subsection (1) of this section, no employer shall deduct the following from the wages of employees:

(e) Losses due to defective or faulty workmanship … if such losses are not attributable to employee's willful or intentional disregard of employer's interest."

108.   Kentucky law also provides for double damages for any violations of Kentucky Revised Statutes § 337.065

109.   Neither Plaintiff nor other Rule 23 class members acted in a willful or intentional disregard of Defendants' interest related to the mistakes in burying cable on behalf of Defendants, as previously described.

110.   Therefore, Defendants owe Plaintiff and Rule 23 class members double the wages they deducted from their pay to satisfy the "back-charges" they assessed against them for the costs of mistakes related to their burying of cable on behalf of Defendants, as previously described.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually and/or on behalf of herself and all others similarly situated, requests this Court to grant the following relief against Defendants:

A.  Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.  For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C.  For an Order finding that Defendant's violations of the FLSA were willful.

D.  An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees, to FLSA Plaintiff and potential plaintiffs.

E.  For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F.  An award of damages associated with Defendant's unjust enrichment claims.

G.  An award of damages associated with Defendant's quantum meruit claims.

H.  An award of damages associated with Defendant's conversion claims.

I.  An award of double damages associated with Defendant's claims under Kentucky Revised Statutes § 337.065

J.  An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members;

K.  Such other general and specific relief as this Court deems and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

RESPECTFULLY SUBMITTED this 10th day of January, 2025.

**MILLER HAHN, PLLC**

*/s/ Lori J. Keen*_____
Lori J. Keen, Esq.
2660 West Park Drive, Suite 2
Paducah, KY 42001
Telephone: (270) 554-0051
Facsimile (866) 578-2230
*lkeen@millerlaw-firm.com*

&

J. Russ Bryant (TN BPR #33830)
(Pro Hac Vice Pending)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*

 ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***