UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JARED LEE, *Individually, on behalf of himself and other similarly situated*

PLAINTIFF,

v.

LLC and ALLAN GOODSON, Individually and MORGAN MCCHESNEY, Individually

DEFENDANTS.

CIVIL ACTION NO. 5:25-cv-00003-bjb

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Next Solutions, LLC, Allan Goodson, and Morgan McChesney (hereinafter "Defendants"), state as follows for their joint Answer to the Plaintiff, Jared Lee's Complaint:

### I.       NATURE OF SUIT

1.       The allegations in Paragraph 1 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and those similarly situated are entitled to any relief.

2.       The allegations in Paragraph 2 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and those similarly situated are entitled to any relief.

3.       The allegations in Paragraph 3 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and those similarly situated are entitled to any relief.

## II.    JURISDICTION AND VENUE

4.    With respect to Paragraph 4, Defendants admit that jurisdiction is proper in this Court, but deny all of Plaintiff's claims and deny that Plaintiff and those similarly situated are entitled to any relief.

5.    With respect to Paragraph 5, Defendants admit that jurisdiction is proper in this Court, but deny all of Plaintiff's claims and deny that Plaintiff and those similarly situated are entitled to any relief.

6.    With respect to Paragraph 6, Defendants admit that venue is proper in this Court with respect to Plaintiff Jared Lee's claims, but deny all of Plaintiff's claims and deny that Plaintiff and those similarly situated are entitled to any relief.  Defendants reserve the right to contest venue and personal jurisdiction with respect to any other potential member of the putative class or collective.

## III.    PARTIES

7.    With respect to Paragraph 7, Defendants admit that Plaintiff Jared Lee is an adult citizen of the United States, but deny that he was "employed" as a drop bury technician by Defendant.  Defendants admit that Plaintiff Jared Lee filed a document titled "Consent to Join" that is attached is Exhibit A to the Complaint.

8.    Defendants admit the allegations in Paragraph 8.

9.    Defendants admit the allegations in Paragraph 9.

10.    Defendants admit the allegations in Paragraph 10.

11.    Defendants admit that Defendants Goodson and McChesney participate in the decision-making process for establishing Next Solutions, LLC's pay policies and practices. Defendants deny the remaining allegations in Paragraph 11

12.    Defendants deny the allegations in Paragraph 12.

## IV.    COVERAGE

13.    Defendants deny the allegations in Paragraph 13.

14.    Defendants admit the allegations in Paragraph 14.

15.    Defendants admit the allegations in Paragraph 15.

16.    Defendants admit the allegations in Paragraph 16.

17.    Defendants admit the allegations in Paragraph 17.

## V.    FACTUAL ALLEGATIONS

18.    Defendants admit the allegations in Paragraph 18.

19.    Defendants admit the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants deny the allegations in Paragraph 21.

   (a)    Defendants deny the allegations in Paragraph 21(a).

   (b)    Defendants deny the allegations in Paragraph 21(b).

   (c)    Defendants deny the allegations in Paragraph 21(c).

   (d)    Defendants admit the allegations in Paragraph 21(d).

   (e)    Defendants deny that Plaintiff and those similarly situated were provided any company-owned equipment, aside from the occasions where they were to complete work requiring their use of a Ditch Witch.  Defendants deny any remaining allegations in Paragraph 21(e).

   (f)    With respect to Paragraph 21(f), Defendants admit that Plaintiff and those similarly situated were provided a company-owned trailer, but deny that Plaintiff and those similarly situated were provided any company-owned equipment, aside from the occasions where they were to complete work

3

requiring their use of a Ditch Witch.  Defendants deny any remaining allegations in Paragraph 21(f).

(g)     Defendants deny the allegations in Paragraph 21(g).

(h)     Defendants deny the allegations in Paragraph 21(h).

(i)     Defendants deny the allegations in Paragraph 21(i).

(j)     The allegations in Paragraph 21(j) are subjective conclusions to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and those similarly situated are entitled to any relief.

(k)     Defendants admit the allegations in Paragraph 21(k).

(l)     With respect to the allegations in Paragraph 219(l), defendants admit that Plaintiff's work duties involved manual labor, buy deny that they were not unlike those of other drop bury technicians employed by Defendants as employees.

(m)     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21(m) and therefore deny the same.

(n)     Defendants deny the allegations in Paragraph 21(n).

(o)     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21(o) and therefore deny the same.

(p)     Defendants admit that Plaintiff was unable to negotiate the terms of the duties and benefits received in exchange for the work provided to Next

Solutions, LLC.  Defendants deny the remaining allegations in Paragraph 21(p).

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit that Plaintiff and those similarly situated were paid based on the footage of cable buried.  Defendants deny the remaining allegations in Paragraph 24.

25. Defendants admit that Defendants Goodson and McChesney participate in the decision-making process for establishing Next Solutions, LLC's pay policies and practices. Defendants deny the remaining allegations in Paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny the same.

27. Defendants admit that Plaintiff and those similarly situated were not paid the overtime rate described in Paragraph 27, but deny that Plaintiff and those similarly situated were employees that were entitled to such payment.

28. Defendants deny the allegations in Paragraph 28.

29. With respect to Paragraph 29, Defendants admit that Plaintiff used his personal vehicle to and from locations that he was contracted to work from with a company-owned trailer, but denies the implication that such facts establish any liability on the part of Defendants.

30. With respect to Paragraph 30, Defendants admit that Plaintiff and those similarly situated were provided a company-owned trailer, and sometimes a Ditch Witch, but denies that they were provided any other cables, tools, or equipment.  Defendants admit that Plaintiff and those similarly situated would bring the trailers to and from their homes when completing work for Next Solutions, LLC.

31.     With respect to Paragraph 31, Defendants admit that Plaintiff and those similarly situated were responsible for ensuring that their trailer was hitched to their personal vehicle and to ensure that they had the supplies needed to complete the work that they had been contracted for, and that the supplies were safely stored, at the beginning of their day.  Defendants deny that Plaintiff and those similarly situated were in possession of any company-owned property, aside from the occasions where they were to complete work requiring their use of a Ditch Witch. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Plaintiff and those similarly situated did with respect to their personal vehicle when not performing work for Next Solutions, LLC.  Defendants deny any remaining allegations in Paragraph 31.

32.     With respect to Paragraph 32, Defendants admit that Plaintiff and those similarly situated were responsible for ensuring that their trailer was hitched to their personal vehicle and to ensure that they had the supplies needed to complete the work that they had been contracted for, and that the supplies were safely stored, at the end of their day.  Defendants deny that Plaintiff and those similarly situated were in possession of any company-owned property, aside from the occasions where they were to complete work requiring their use of a Ditch Witch. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning what Plaintiff and those similarly situated did with respect to their personal vehicle when not performing work for Next Solutions, LLC.  Defendants deny any remaining allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     With respect to the Paragraph 34, Next Solutions admits that independent contractors were responsible for amounts for which Next Solutions' client sought reimbursement

6

from Next Solutions related to work the independent contractor performed.  Defendants deny the remaining allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35.

36.    With respect to paragraph 36, Next Solutions admits that, when it recovered amounts for which Next Solutions' client sought reimbursement, Next Solutions recovered those amounts from independent contractors in subsequent pay periods. Defendants deny the remaining allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants deny the allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants deny the allegations in Paragraph 40.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43.

## VI.    RULE 23 CLASS ACTION ALLEGATIONS

44.    The allegations in Paragraph 44 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

45.    The allegations in Paragraph 45 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further

7

assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

46.     With respect to Paragraph 46, Next Solutions admits that independent contractors were responsible for amounts for which Next Solutions' client sought reimbursement from Next Solutions related to work the independent contractor performed, and that those amounts were recovered in subsequent pay periods.  Defendants deny the remaining allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants dent the allegations in Paragraph 49.

50.     Defendants dent the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

52.     The allegations in Paragraph 52 and its subparts are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

53.     The allegations in Paragraph 53 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the

Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

54.    The allegations in Paragraph 54 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

55.    The allegations in Paragraph 55 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

56.    Defendants deny the allegations in Paragraph 56.

57.    The allegations in Paragraph 57 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

58.    The allegations in Paragraph 58 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further

9

assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

59. The allegations in Paragraph 59 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

60. The allegations in Paragraph 60 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

61. The allegations in Paragraph 61 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

62. The allegations in Paragraph 62 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

63. The allegations in Paragraph 63 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

64. The allegations in Paragraph 64 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

65. The allegations in Paragraph 65 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

66. The allegations in Paragraph 66 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

67. The allegations in Paragraph 67 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further

assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

68.     The allegations in Paragraph 68 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

69.     The allegations in Paragraph 69 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

## VII.    MULTI-PLAINTIFF ACTION ALLEGATIONS

70.     The allegations in Paragraph 70 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

71.     The allegations in Paragraph 71 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law, and further deny that the Court should send the notice proposed by Plaintiff.  Defendants further deny that this Court has personal

jurisdiction over independent contractors who performed work for Defendants in states other than Kentucky.

72.    The allegations in Paragraph 72 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

73.    The allegations in Paragraph 73 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

74.    The allegations in Paragraph 74 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

75.    The allegations in Paragraph 75 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

76.     The allegations in Paragraph 76 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

77.     The allegations in Paragraph 77 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

78.     The allegations in Paragraph 78 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

79.     The allegations in Paragraph 79 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

80.     The allegations in Paragraph 80 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further

assert that the application of 29 U.S.C. §§ 206, 207, and 216(b) to establish a multi-plaintiff action in this matter is unsupported by fact and law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

81.   In response to Paragraph 81, Defendants incorporate and reiterate the responses and defenses set forth in this Answer.

82.   Defendants deny the allegations in Paragraph 82.

83.   Defendants deny the allegations in Paragraph 83.

84.   Defendants deny the allegations in Paragraph 84.

85.   Defendants deny the allegations in Paragraph 85.

86.   Defendants deny the allegations in Paragraph 86.

87.   Defendants deny the allegations in Paragraph 87.

88.   Defendants deny the allegations in Paragraph 88.

## COUNT II
## RULE 23 CLASS ACTION – UNJUST ENRICHMENT CLAIM

89.   In response to Paragraph 89, Defendants incorporate and reiterate the responses and defenses set forth in this Answer.

90.   The allegations in Paragraph 90 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

91.   Defendants deny the allegations in Paragraph 91.

92.   Defendants deny the allegations in Paragraph 92.

## COUNT III
## RULE 23 CLASS ACTION – QUANTUM MERUIT

93.     In response to Paragraph 93, Defendants incorporate and reiterate the responses and defenses set forth in this Answer.

94.     The allegations in Paragraph 94 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

95.     Defendants admit the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

## COUNT IV
## RULE 23 CLASS ACTION – UNLAWFUL CONVERSION

98.     In response to Paragraph 98, Defendants incorporate and reiterate the responses and defenses set forth in this Answer.

99.     The allegations in Paragraph 99 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

## COUNT V
## RULE 23 CLASS ACTION – VIOLATION OF KY. REV. STAT. § 337.065

105.    In response to Paragraph 105, Defendants incorporate and reiterate the responses and defenses set forth in this Answer.

106.    The allegations in Paragraph 106 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further assert that the application of Rule 23 to establish a class action in this matter is unsupported by fact and law.

107.    The allegations in Paragraph 107 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.  Defendants further deny that the quoted text is an accurate quote of KRS 337.065.

108.    The allegations in Paragraph 108 are legal recitations to which no response is required; to the extent a response is required, Defendants deny the same and further deny the Plaintiff and any other similar situated individuals are entitled to any relief.

109.    Defendants deny the allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

## PRAYER FOR RELIEF

111.    Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph at the conclusion of the Compliant, including all of its subparts.

112.    Any allegation not specifically admitted is hereby denied.

17

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted, either on his own behalf or on behalf of those persons to whom he is purportedly similarly situated.

**SECOND DEFENSE**

This case may not be maintained as a collective action because Plaintiff is not similarly situated to the persons whom he purports to represent, such that he cannot satisfy the requirements of 29 U.S.C. § 216(b).  Plaintiff's Complaint fails to meet the necessary requirements to justify a collective action or issuance of notice pursuant to § 216(b) and relevant case law.

**THIRD DEFENSE**

Plaintiff's claims, as well as the claims of the purported collective and class action members he purports to include or represent in this lawsuit, are barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH DEFENSE**

Plaintiff's claims, as well as the claims of any individuals he purports to include or represent in this lawsuit, fail because the FLSA's overtime requirements are inapplicable to him, as he was properly classified as an independent contractor.

**FIFTH DEFENSE**

Some or all of the claims asserted in Plaintiff's Complaint are barred by the doctrines of waiver and release.

**SIXTH DEFENSE**

Defendants' acts or omissions complained of in the Complaint with respect to Plaintiff, as well as any individuals he purports to include or represent in this lawsuit, were done in good

18

faith, in accordance with 29 U.S.C. § 260, because Defendants had reasonable grounds for believing that their acts or omissions, if any, were not a violation of any applicable laws.

## SEVENTH DEFENSE

Defendants' acts or omissions complained of in the Complaint with respect to Plaintiff, as well as any individuals he purports to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 259, because they were done in good faith and in reasonable reliance on a regulation, order, ruling, approval and interpretation of the U.S. Department of Labor, or an administrative practice or enforcement policy of the U.S. Department of Labor.

## EIGHTH DEFENSE

Plaintiff's assertion that notice of the alleged collective action may be sent to "[a]ll  drop bury technicians who were misclassified as independent contractors who performed work for Defendants anywhere in the United States," is incorrect, as this Court lacks personal jurisdiction over independent contractors who did not perform work in Kentucky.  Defendants explicitly reserve the right, and do not waive the right, to move to dismiss any other independent contractors who attempt to join the collective action for lack of personal jurisdiction.

## NINTH DEFENSE

Plaintiff, as well as any individuals he purports to include or represent in this lawsuit, is not entitled to any liquidated damages or penalties under the FLSA because, at all times relevant and material herein, Defendants did not willfully fail to comply with the compensation provisions of the FLSA, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the FLSA.

19

## TENTH DEFENSE

Plaintiff's claims, as well as the claims of any individuals he purports to include or represent in this lawsuit, fail, in whole or in part, pursuant to the *de minimis* doctrine. If, in fact, Plaintiff, and any individuals he purports to represent or otherwise include in the lawsuit, was not properly compensated for any work in excess of 40 hours in a workweek, the uncompensated time is *de minimis* and is therefore not recoverable.

## ELEVENTH DEFENSE

Further, and in the alternative if necessary, Defendants state that even if Plaintiff or any purported collective or class action member he purports to include or represent in this lawsuit prevails, Defendants are entitled to a set-off with respect to any monies paid to such individual(s) for any hours when they were not performing work for Defendants.

## TWELFTH DEFENSE

Further, and in the alternative if necessary, Defendants state that even if Plaintiff or any individual he purports to include or represent in this lawsuit prevails, Defendants are entitled to a set-off for any amounts paid to him or them that they would not have been eligible for had they been classified as employees, rather than independent contractors.

## THIRTEENTH DEFENSE

The claims alleged in the Complaint may not be properly certified or maintained as a class action. Plaintiff has failed to allege adequately all of the elements necessary to establish a valid class action under Rule 23 of the Federal Rules of Civil Procedure.

## FOURTEENTH DEFENSE

Plaintiff's claims, as well as the claims of any individuals he purports to include or represent in this lawsuit, may be barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's own acts, omissions, failures, or misconduct.

## SIXTEENTH DEFENSE

Defendants reserve the right to amend this pleading to add additional defenses that may be discovered during the litigation process.

WHEREFORE, Defendants demand:

1.      Dismissal of Complaint against them;

2.      Their costs herein expended;

3.      Their legal fees; and,

4.      Any and all other relief to which they may appear entitled.

*/s/ Robin E. McGuffin*
Shannon A. Hamilton
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 587-6391
shamilton@stites.com

and

Robin E. McGuffin
Harlee P. Havens
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, KY 40507
Telephone: (859) 226-2300
rmcguffin@stites.com
hhavens@stites.com

*Counsel for Defendants*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed with the Clerk of the Court on March 3, 2025, by using the CM/ECF system, and that a copy of the foregoing have been served by email and/or U.S. Mail, postage prepaid, to the following:

Lori J. Keen, Esq.
2660 West Park Drive, Suite 2
Paducah, KY 42001
Telephone: (270) 554-0051
lkeen@millerlaw-firm.com

J. Russ Bryant
JACKSON, SHIELDS, YEISER, HOLT,
OWEN & BRYANT
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
rbryant@jsyc.com

*Counsel for Plaintiff and for Others Similarly Situated*